

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00210-CR

EX PARTE FRANCISCO ELPIDIO ALVARADO-ACEVEDO

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 11642CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Francisco Elpidio Alvarado-Acevedo appeals the trial court's order in this Operation Lone Star (OLS) case, which denied his application for a writ of habeas corpus without an evidentiary hearing. In line with the precedent of the Fourth Court of Appeals, we previously determined that Alvarado-Acevedo's claim was cognizable, a decision upheld by the Texas Court of Criminal Appeals in *Ex parte Aparicio*, No. PD-0461-23, 2024 WL 4446878, at *8 (Tex. Crim. App. Oct. 9, 2024). In this case, Alvarado-Acevedo was denied the benefit of an evidentiary hearing, while *Ex parte Aparicio* was decided after a full evidentiary hearing. Even so, the Texas Court of Criminal Appeals reversed our decision requiring the trial court to conduct any evidentiary hearing. Instead, they remanded this matter to us to decide whether Alvarado-Acevedo made a prima facie showing that he was arrested and prosecuted because of his gender.[1]

As part of OLS, Alvarado-Acevedo, a noncitizen, was arrested for trespassing on private property in Kinney County, Texas. He filed an application for a writ of habeas corpus seeking dismissal of the criminal charge based on a violation of his rights under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment. *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 3(a). Specifically, Alvarado-Acevedo argued the State's selective prosecution of men, and not similarly situated women, for criminal trespass as part of OLS violated his state and federal equal protection rights.

In *Ex parte Aparicio*, the Texas Court of Criminal Appeals discussed evidence introduced at the evidentiary hearing in that case, which also pertained to the administration of OLS cases in

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).

Kinney County. *Ex parte Aparicio*, 2024 WL 4446878, at \*12–13. For the reasons discussed in *Ex parte Aparicio*, we find that Alvarado-Acevedo would be unable to make a prima facie showing that he was arrested and prosecuted because of his gender.

As a result, we affirm the trial court's denial of Alvarado-Acevedo's pretrial writ of habeas corpus.

Scott E. Stevens
Chief Justice

Date Submitted:     December 11, 2024
Date Decided:     December 19, 2024

Do Not Publish